SCOTT KEITH WILSON, Federal Public Defender (#7347)
KRISTEN R. ANGELOS, Assistant Federal Public Defender (#8314)
**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF UTAH**
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Email: kristen_angelos@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SCOTT L. RUTHERFORD, Defendant. | MOTION TO CONTINUE JURY TRIAL AND REQUEST TO SET A SCHEDULING CONFERENCE<br><br>Case No. 2:23-cr-00281-5<br><br>Judge Jill N. Parrish |

Defendant, Scott J. Rutherford ("Mr. Rutherford"), through undersigned counsel, Kristen R. Angelos, respectfully moves to continue his jury trial currently set for July 28, 2025, and exclude time under the Speedy Trial Act. This motion is made in accordance with 18 U.S.C. § 3161.

## FACTUAL BACKGROUND

On July 26, 2023, a grand jury returned an indictment against Mr. Rutherford charging him with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §1349, and 17 counts of Wire Fraud, in violation of 18 U.S.C. §1343. *See* ECF 1. On September 14, 2023,

Mr. Rutherford appeared before Magistrate Judge Dustin B. Pead for an initial appearance. Mr. Rutherford was not detained. No trial was set at that time, instead, the Court set a status conference for January 17, 2024. On December 7, 2023, the defendants, including Mr. Rutherford, filed an unopposed motion to continue the trial, noting that "this case was a complex case involving multiple defendants, significant related litigation before the Securities and Exchange Commission, multiple real-estate transactions involving millions of dollars, and significant numbers of investors." *See* ECF 76. The motion also noted that the Government produced a hard drive containing 1.89 terabytes of discovery materials and that many of the co-defendants have had to send the load file to a professional litigation assistance firm to organize the discovery in order to search using search terms. *Id*. On January 16, 2024, this Court vacated the status conference originally set for January 17, 2024, and set a trial date for July 8, 2024. See ECF 78.

On May 24, 2024, the Government and co-defendants, including Mr. Rutherford, filed a "Joint Motion to Continue Trial Date and Exclude Time from Speedy Trial Act Computation." *See* ECF 81. In this motion, the Government and parties noted that discovery was voluminous and from many different sources, including financial records, bank records, an SEC investigation, federal civil cases, investigative reports and others. *Id*. It also noted that there were seven defendants and nineteen charges, and a large number of victims located outside of the state of Utah, throughout the United States. *See* ECF 81. In this motion, the parties further agreed that the earliest available date for trial would be June 2025. *Id*. On May 28, 2024, this Court held a hearing via Zoom, setting the current trial setting for July 28, 2025.

2

## ARGUMENT

Mr. Rutherford moves to continue trial pursuant to 18 U.S.C. §3161(h)(7)(B). Specifically, Mr. Rutherford asserts that continuance is necessary because the failure to grant a continuance would likely result in a miscarriage of justice. *See* 18 U.S.C. §3161(h)(7)(B)(i). Additionally, this case is so unusual or complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. *See* 18 U.S.C. §3161(h)(7)(B)(ii). Additionally, not granting a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. §3161(h)(7)(B)(iv). In support of this motion, Mr. Rutherford asserts the following:

1. On September 14, 2023, a protective order was entered on the docket in this matter, indicating that all unredacted discovery, including the Protected Material, may be shown to and discussed with the defendant in the presence of counsel or the defense team. *See* ECF 52. The protective order also noted that "if there were questions or concerns about which portion(s) of unredacted discovery constitute the Protected Material, the parties [were] directed to meet and confer to determine if they [could] reach an agreement prior to filing with the Court." *Id*. With these two paragraphs, Mr. Rutherford and his defense counsel have always understood that, for Mr. Rutherford to review discovery, arrangements would have to be made for him to come into the office and review discovery with someone from the defense team, if it was not a meeting set with defense counsel. This protective order has made it very difficult for Mr. Rutherford and counsel to move through enormous amounts of discovery separately and have adequate conversations surrounding the issues in this case.

2. Defense counsel is the only full-time Assistant Federal Defender working in the complex fraud unit. Defense counsel has one investigator who also works full-time in the complex fraud unit. Between July 2024 and February 2025, the focus of defense counsel (and her investigator) has been on other complex matters that were proceeding to trial in 2024 or early 2025, or were pre-indictment matters that needed to be addressed immediately based on the Government's timeline. As such, defense counsel and her investigator have not been able to significantly focus on Mr. Rutherford's case until February 2025.

3. Since February 2025, defense counsel has done a significant amount of work on this matter and met with Mr. Rutherford numerous times. Notwithstanding, because of the limitations of Mr. Rutherford's discovery review (based on the protective order), and the enormous amount of discovery, defense counsel needs additional time in order to adequately represent Mr. Rutherford if this case proceeds to trial. Defense counsel is still not through the entirety of the discovery, even with the ability to use the discovery software tool provided by the litigation assistance firm. Even with the help of this program, review is still a tedious task as some searches result in hundreds of returns of documents which defense counsel has to review one by one. Moreover, on March 24, 2025, the Government informed Mr. Rutherford that the U.S. Postal Service had 25 banker boxes of documents associated with Noah's which were not made available electronically, but are instead, available for inspection. Defense counsel intends on inspecting those boxes after review of the initial discovery provided.

4. Although defense counsel has done a significant amount of work on this matter since February 2025, because of the retirement of Robert K. Hunt, an Assistant Federal Defender

based in St. George, defense counsel has taken over two complex cases out of St. George and has traveled to St. George numerous times to address these two cases.  In order to address these cases, defense counsel and her investigator have also had to focus on these matters and discovery related to these matters (which is also significant and complex).

5. Defense counsel anticipates that she will need to possibly hire at least one, possibly two experts.  Defense counsel has not yet hired these experts because she wanted to make sure she understood the case and reviewed the entirety of the discovery in order to provide the expert with all necessary information.

6. Once a review of the discovery is complete, defense counsel requires additional time to interview witnesses, many of whom are out of the state of Utah, where work-related travel may be necessary.

7. Although there has been some earlier initial negotiation conversations between the Government and defense counsel, the Government has not made any formal offer to Mr. Rutherford.  Because of the initial focus on negotiations, defense counsel has not brought on co-counsel.  If the case proceeds to trial, based on the significant number of witnesses, complexity of the case, and anticipated motions, defense counsel anticipates that two additional attorneys from the Federal Public Defender Office will need to enter their appearances.  These attorneys will need additional time to get up to speed on this case and prepare for trial.  Both of these attorneys have conflicts with the current trial setting.

8. There is currently an outstanding motion to sever co-defendant William Bowser from the other defendants.  *See* ECF 100.  Because it has yet to be ruled on, there has been some uncertainty whether, if the motion was granted, Mr. Rutherford would be in trial on July 28,

2025. If the severance is granted, defense counsel assumes that Mr. Bowser would proceed to trial first as he appears to be the main defendant, the trial would most likely be shorter than originally thought based on the severance, and the result of his trial might avoid the need for a second trial with the remaining co-defendants.

9. On April 25, 2025, Mr. Rutherford stipulated to a continuance of the current trial.

10. Cy Castle, Assistant United States Attorney, opposes any continuance of the current trial setting of July 28, 2025

## **CONCLUSION**

For these reasons, Mr. Rutherford moves to continue the current trial setting of July 28, 2025, to allow additional time necessary to complete review of discovery, hire experts, interview witnesses, conduct any additional investigation and prepare for trial. The ends of justice are best served by a continuance of the trial date, and the ends of justice outweigh the interest of the public and Mr. Rutherford in a speedy trial.

DATED this 29th day of April, 2025.

*/s/ Kristen R. Angelos*
KRISTEN R. ANGELOS
Assistant Federal Public Defender